IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOHN SELF, | ) |
| PLAINTIFF, | ) ) ) |
| VS. | ) CASE NUMBER: 2:06cv935-ID ) |
| H.B. PAULK WHOLESALE GROCERS, INC., et al., | ) ) ) |
| DEFENDANTS. | ) ) |

## ANSWER TO COMPLAINT

Now comes Defendant H.B. Paulk Wholesale Grocers, Inc., Apex Benefits Services, Jeff Gwynne and Gary Adamson, by and through counsel, and for their Answer to Plaintiff's Complaint states as follows:

1. Defendants state that they are without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of Plaintiff's Complaint and therefore deny same.

2. Defendants admit the allegations contained in Paragraph 2 of Plaintiff's Complaint.

3. Defendants deny the allegations contained in Paragraph 3 of Plaintiff's Complaint.

4. Defendants deny the allegations contained in Paragraph 4 of Plaintiff's Complaint.

5. Defendants deny the allegations contained in Paragraph 5 of Plaintiff's Complaint.

6. Defendants state that Paragraph 6 requires no response since it contains allegations as to fictitious Defendants. If Paragraph 6 requires a response, the allegations in that Paragraph are denied.

7. Defendants deny the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8. Defendants state they are without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of Plaintiff's Complaint and therefore deny same.

9. Defendants deny the allegations contained in Paragraph 9 of Plaintiff's Complaint.

10. Answering Paragraph 10 of Plaintiff's Complaint, Defendants incorporate by

reference, as if fully rewritten herein, all of its statements, defenses and averments in Paragraphs 1 through 9 above.

11. Defendants deny the allegations contained in Paragraph 11 of Plaintiff's Complaint.

12. Defendants admit that Plaintiff, as part of his employment, was covered under a health benefit plan but deny the balance of the allegations contained in Paragraph 12 of Plaintiff's Complaint.

13. Defendants deny the allegations contained in Paragraph 13 of Plaintiff's Complaint.

14. Defendants deny the allegations contained in Paragraph 14 of Plaintiff's Complaint.

15. Defendants deny the allegations contained in Paragraph 15 of Plaintiff's Complaint.

16. Answering Paragraph 16 of Plaintiff's Complaint, Defendant incorporates by reference, as if fully rewritten herein, all of its statements, defenses and averments in Paragraphs 1 through 15 above.

17. Defendants deny the allegations contained in Paragraph 17 of Plaintiff' Complaint.

18. Defendants deny the allegations contained in Paragraph 18 of Plaintiff's Complaint.

19. Defendants deny the allegations contained in Paragraph 19 of Plaintiff's Complaint.

20. Defendants deny the allegations contained in Paragraph 20 of Plaintiff's Complaint.

21. Defendants deny the allegations contained in Paragraph 21 of Plaintiff's Complaint.

22. Answering Paragraph 22 of Plaintiff's Complaint, Defendants incorporate by reference, as if fully rewritten herein, all of its statements, defenses and averments in Paragraphs 1 through 21 above.

23. Defendants deny the allegations contained in Paragraph 23 of Plaintiff's Complaint.

24. Defendants deny the allegations contained in Paragraph 24 of Plaintiff's Complaint.

25. Defendants deny the allegations contained in Paragraph 25 of Plaintiff's Complaint.

26. Answering Paragraph 26 of Plaintiff's Complaint, Defendants incorporate by reference, as if fully rewritten herein, all of its statements, defenses and averments in Paragraphs 1 through 25 above.

27. Defendants deny the allegations contained in Paragraph 27 of Plaintiff's Complaint.

28. Defendants deny the allegations contained in Paragraph 28 of Plaintiff's Complaint.

29. Defendants specifically deny that Plaintiff is entitled to any relief requested herein.

30. Defendants deny any allegations in Plaintiff's Complaint as to any of them not specifically admitted herein to be true.

## AFFIRMATIVE DEFENSES

1. Plaintiff has failed to state a claim against any of the Defendants upon which relief can be granted.

2. The individual Defendants, Jeff Gwynne and Gary Adamson, are not proper parties in this case.

3. Plaintiff's claims are preempted by the provisions of the Employee Retirement Income Security Act.

4. Plaintiff has no claim as the medical claims at issue in this case have been paid by the applicable welfare benefit plan.

5. Defendant Apex Benefits Services is not a proper party in this action as it is a third party administrator.

6. There is no contract of insurance involved in this situation.

7. Plaintiff failed to exhaust his administrative remedies prior to filing suit.

8. Plaintiff's claims are barred by the applicable statute of limitations.

9. The applicable welfare benefit plan, which is not named herein, properly made its decision after conducting its investigation and, as such, Plaintiff's claims, which must be brought under the Employee Retirement Income Security Act, simply have no merit.

WHEREFORE, Defendants respectfully request that the Complaint as to them be dismissed and they be awarded their costs and attorneys fees for responding to same.

Respectfully submitted,

Benjamin M. Bowden (BOW035)
Attorney for Defendants

OF COUNSEL:

ALBRITTONS, CLIFTON, ALVERSON,
MOODY & BOWDEN
Post Office Drawer 880
Andalusia, Alabama 36420
334-222-3177

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served a copy of the foregoing upon all counsel of record in this cause by placing a copy of same in the United States mail, postage prepaid, addressed as follows on this the 13th day of October, 2006:

A. Riley Powell, IV
The Powell Law Firm
Post Office Box 969
Andalusia, Alabama 36420

                                                                 Benjamin M. Bowden
                                                                 OF COUNSEL