IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOHN SELF, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| VS. ) | CASE NUMBER: 2:06cv935-ID |
| ) | |
| H.B. PAULK WHOLESALE ) | |
| GROCERS, INC., et al., ) | |
| ) | |
| DEFENDANTS. ) | |

## DEFENDANTS' MOTION TO STRIKE JURY DEMAND

Come now the Defendants, by and through counsel, and, pursuant to Rule 7 of the Federal Rules of Civil Procedure, hereby move this Court for an Order striking the jury demand made by the Plaintiff in Plaintiff's Complaint. In support of this request, the Defendants say the following:

1. The claims filed by Plaintiff in this action should be (if properly pleaded) exclusively based upon the provisions of the Employee Retirement Income Security Act ("ERISA"). Plaintiff alleges that he was provided with health benefit coverage which Plaintiff had as a result of Plaintiff' employment with Defendant H.P. Paulk Wholesale Grocers, Inc. (Plaintiff's Complaint, para 11, 12). Plaintiff further alleges that certain unspecified medical claims were not paid as a result of an injury incurred by him on April 29, 2006. (Plaintiff's Complaint, para 13).

2. Such a health plan arrangement, since its relates to a benefit promised relative to Plaintiff's employment, is an employee benefit plan as defined by ERISA. 29 U.S.C. §1002(3). Any state law claim relating to a welfare benefit plan is preempted by the applicable provisions of ERISA.

29 U.S.C. §1144(a). Accord, Love v. Fortis Benefits Ins. Co., 120 F.Supp. 2d 997 (M.D. Ala. 2000). As such, there also can be no question that ERISA governs Plaintiff's claims, whatever they may be. Given that jurisdictional fact, Plaintiff simply has no right to a jury trial as to its claims. Plaintiff's jury demand must therefore be stricken at this time.

3. There is nothing in ERISA which permits an action for benefits, or any other ERISA claim, to be tried to a jury. Eleventh Circuit and other case authority unanimously holds that ERISA claims must be tried to the Court rather than to a jury. See, e.g., Howard v. Parisian, Inc., 807 F.2d 1560, 1567 (11th Cir. 1987); Wilkins v. Baptist Health Care Systems, Inc., 150 F.3d 609, 616 (6th Cir. 1998). See, also, Blake v. Unionmutual Stock Life Insurance Co. of America, 906 F.2d 1525 (11th Cir. 1990). These cases, and numerous others which could be cited to this Court, leave no doubt that the claims in Plaintiff's Complaint cannot be tried to a jury.

WHEREFORE, for the reasons stated hereon, Defendants respectfully request that the Plaintiff's jury demand be stricken from this case.

Respectfully submitted,

*Benjamin M. Bowden*
Benjamin M. Bowden (BOW035)
Attorney for Defendants

OF COUNSEL:

ALBRITTONS, CLIFTON, ALVERSON,
MOODY & BOWDEN
Post Office Drawer 880
Andalusia, Alabama 36420
334-222-3177

**CERTIFICATE OF SERVICE**

      I hereby certify that I have this date served a copy of the foregoing upon all counsel of record in this cause by placing a copy of same in the United States mail, postage prepaid, addressed as follows on this the 13th day of October, 2006:

A. Riley Powell, IV
The Powell Law Firm
Post Office Box 969
Andalusia, Alabama 36420

*Benjamin M. Bowden*
OF COUNSEL