**COPY**

IN THE CIRCUIT COURT OF COVINGTON COUNTY, ALABAMA

JOHN SELF,  )
)
    PLAINTIFF,  )
) 2:06CV935-ID
VS.  )
) CASE NUMBER: CV-06-205
H.B. PAULK WHOLESALE  )
GROCERS, INC., et al.,  ) FILED IN OFFICE
)
    DEFENDANTS.  ) OCT 13 2006

### NOTICE OF FILING PETITION FOR REMOVAL

Please take notice that the Defendants, by and through counsel, have as of this date filed their Petition for Removal to Federal Court in the Office of the Clerk of the United States District Court for the Middle District of Alabama, Northern Division. A copy of said Petition is appended hereto as Attachment 1.

Pursuant to 28 U.S.C. §1446(B), the Circuit Court of Covington County, Alabama shall take no further action unless and until the case is remanded by the United States District Court.

Respectfully submitted,

Benjamin M. Bowden
Benjamin M. Bowden (BOW035)
Attorney for Defendants

OF COUNSEL:

ALBRITTONS, CLIFTON, ALVERSON,
MOODY & BOWDEN
Post Office Drawer 880
Andalusia, Alabama 36420
334-222-3177

## CERTIFICATE OF SERVICE

      I hereby certify that I have this date served a copy of the foregoing upon all counsel of record in this cause by placing a copy of same in the United States mail, postage prepaid, addressed as follows on this the 13th day of October, 2006:

A. Riley Powell, IV
The Powell Law Firm
Post Office Box 969
Andalusia, Alabama 36420

                                                      */s/ Benjamin M. Bowden*
                                                      OF COUNSEL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOHN SELF, | ) |
| PLAINTIFF, | ) ) ) |
| VS. | ) ) CASE NUMBER: _____ |
| H.B. PAULK WHOLESALE GROCERS, INC., et al., | ) ) ) ) |
| DEFENDANTS. | ) ) |

## DEFENDANT'S NOTICE OF REMOVAL

TO THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF ALABAMA:

Now come Defendants, H.B. Paulk Wholesale Grocers, Inc., Apex Benefit Services, Jeff Gwynne and Gary Adamson, by and through counsel, and hereby give notice, pursuant to 28 U.S.C. §1441, of their removal of this action to this Court, for the following reasons:

1. The within action was commenced and is now pending in the Circuit Court of Covington County, Alabama as <u>John Self v. H.B. Paulk Wholesale Grocers, Inc., et al.</u>, (Case No. CV-2006-205).

2. On or about September 29, 2006, Defendants received the Summons and Complaint with respect to Case No. 2006-205. (Copies of that Summons and Complaint are appended hereto as Exhibits A and B respectively). The time for answering or otherwise pleading in response to the foregoing Complaint has not yet expired.

3. No other proceedings have transpired or pleadings have been filed in this matter and this matter is being timely removed pursuant to 28 U.S.C. §1446(b).

4. Plaintiff's Complaint is predicated upon alleged wrongful actions regarding

Attch 1

Plaintiff's participation in a health benefit plan, and thus his claims as alleged, are governed by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §1001 et seq.

5. Removal is proper where a federal statute, such as ERISA, has so preempted a particular area of law as to make a select group of claims necessarily federal for the purpose of determining jurisdiction. See, Metropolitan Life Insurance Co. v. Taylor, 481 U.S. 58 (1987); Pilot Life Insurance Co. v. DeDeaux, 481 U.S. 41 (1987); Jones v. LMR Intern., Inc., 457 F. 3d 1174 (11th Cir. 2006).

6. Where a civil action is brought making the allegations set forth by Plaintiff herein, such an action must be regarded as arising under the laws of the United States. 29 U.S.C. §§158(a) and 1132.

7. The instant Complaint alleges a claim that completely and properly falls within the comprehensive provisions of ERISA.

8. 28 U.S.C. §1441(a) and (c) provide in relevant part that:

   (a) Except as otherwise expressly provided by act of Congress, any civil action brought in a state court on which the district courts of the United States have original jurisdiction, may be removed by the Defendant or the Defendants, to the District Court of the United States for the district and division embracing the place where such action is pending....

   * * *

   (c) Whenever a separate and independent claim or cause of action, within the jurisdiction conferred by Section 1331 of this title, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed, and the District Court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

9. Since the within claim involves ERISA, removal is proper under the above-mentioned statute.

10. A true and accurate copy of this Notice will be filed contemporaneously with the Circuit Court of Covington County as required by law.

11. All Defendants hereby consent to this removal.

12. Notice of the filing of this Petition for Removal will be properly served upon counsel for the Plaintiff as required by law.

WHEREFORE, Defendants hereby petition that the within action now pending in Circuit Court of Covington County, Case No. CV-2006-205 be removed to this Court.

Respectfully submitted,

*Benjamin M. Bowden*
Benjamin M. Bowden (BOW035)
Attorney for Defendants

OF COUNSEL:

ALBRITTONS, CLIFTON, ALVERSON,
MOODY & BOWDEN
Post Office Drawer 880
Andalusia, Alabama 36420
334-222-3177

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served a copy of the foregoing upon all counsel of record in this cause by placing a copy of same in the United States mail, postage prepaid, addressed as follows on this the 13th day of October, 2006:

A. Riley Powell, IV
The Powell Law Firm
Post Office Box 969
Andalusia, Alabama 36420

*Benjamin M. Bowden*
OF COUNSEL

09/29/2006 10:51 FAX 3309968772 ☒002

IN THE CIRCUIT COURT OF COVINGTON COUNTY, ALABAMA

JOHN SELF, )
 )
    Plaintiff, )
 )
VS. ) CV-2006 - 205
 )
H. B. PAULK WHOLESALE GROCERS )
INC., APEX BENEFITS SERVICES, )
JEFF GWYNNE, GARY ADAMSON, and )
FICTITIOUS DEFENDANTS, A, B, C, )
& D who will be added to this lawsuit )
by Amendment once ascertained, )
 )
    Defendants, )

Received
SEP 29 2006
Apex Benefits Services

FILED IN OFFICE
SEP 27 2006
_____
    CLERK

## SUMMONS - CIVIL

NOTICE TO: H. B. Paulk Wholesale Grocers, Inc.
    Highway 52 East
    P.O. Box 637
    Opp, AL 36467

PLEASE SERVE DEFENDANT BY CERTIFIED MAIL, _Riley Powell_

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO MAIL OR HAND DELIVER A COPY OF A WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT TO THE PLAINTIFF'S ATTORNEY:

A. RILEY POWELL, IV, THE POWELL LAW FIRM, P.C., 201 TROY STREET, ANDALUSIA, ALABAMA 36420, 334/222-4103.

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT. YOU MUST ALSO FILE THE ORIGINAL OF YOUR ANSWER WITH THE CLERK OF THIS COURT.

_____

This service by certified mail of this summons is initiated upon the written request of plaintiff's attorney pursuant to Rule 4.1(c) of the Alabama Rules of Civil Procedure.

_____

RETURN ON SERVICE:
Certified Mail return receipt received in this office on (Date)_____.



09/29/2006 10:52 FAX 3309968772                                                                                               ☒003

IN THE CIRCUIT COURT OF COVINGTON COUNTY, ALABAMA

| | |
|---|---|
| JOHN SELF, | ) |
| Plaintiff, | ) ) ) |
| VS. | ) CV-2006 - 205 ) |
| H. B. PAULK WHOLESALE GROCERS INC., APEX BENEFITS SERVICES, JEFF GWYNNE, GARY ADAMSON, and FICTITIOUS DEFENDANTS, A, B, C, & D who will be added to this lawsuit by Amendment once ascertained, | ) ) ) ) ) ) ) |
| Defendants, | ) |

FILED IN OFFICE

SEP 27 2006

## COMPLAINT

1. Plaintiff, John Self, is over the age of nineteen (19) years and a resident of Covington County, Alabama.

2. Defendant, H. B. Paulk Wholesale Grocers, Inc., is an Alabama Corporation with its principal place of business in Opp, Covington County, Alabama.

3. Defendant, Jeff Gwynne, is over the age of nineteen (19) years and a resident of Covington County, Alabama.

4. Defendant Gary Adamson, is over the age of nineteen (19) years and resident of Covington County, Alabama.

5. Defendant, Apex Benefits Services, is an Ohio Corporation during business by agent in Covington County, Alabama.

6. Fictitious Defendants A, B, C & D are those persons or entities, whether singular or plural who will be added to this Complaint by Amendment once ascertained, who investigated, examined or was otherwise involved in the decision to deny the Plaintiff's



09/29/2006 10:52 FAX 3309968772                                                                    ☒004

claim for insurance benefit.

7. All transactions made the basis of this lawsuit occurred in Covington County, Alabama.

8. The amount in controversy exceeds the minimum jurisdictional limit of this Court.

9. Venue and jurisdiction are proper in the Circuit Court of Covington County, Alabama.

## CLAIM ONE

10. Plaintiff hereby incorporates paragraphs 1 through 7 as if set out here in full.

11. On or before April 29, 2006, Plaintiff entered into a contract with the Defendants for health and hospital insurance coverage.

12. In exchange for the health and hospital insurance coverage (specifically titled "H. B. Paulk Wholesale Grocers, Inc. Health Protection Plan"), the Plaintiff paid good and valuable consideration.

13. Defendants breached this contract of insurance by failing or refusing to cover a claim for medical bills and expenses made by the Plaintiff after an injury incurred on April 29, 2006.

14. As a proximate consequence of the Defendants' breach of contract, the Plaintiff incurred damages.

15. Said damages include, but are not limited to, the following:

    a. Past and future medical expenses and bills;

    b. Insurance benefits due under the above-referenced policy.

    c. Potential damage to Plaintiff's credit;

    d. Attorney's fees and interest; and

    e. Other out-of-pocket expenses.

WHEREFORE, Plaintiff demands judgment against Defendants in an amount of compensatory damages, including damages for mental anguish, to exceed Fifty Thousand Dollars ($50,000.00), together with interest, attorney fees and costs of Court.

### CLAIM TWO

16. Plaintiff hereby incorporates paragraphs 1 through 13 as if set out here in full.

17. On or about April 29, 2006, Defendants conspired together to deny Plaintiff's claims for insurance benefits.

18. More specifically, these Defendants committed an overt act, or otherwise conspired to deny Plaintiff's claims for insurance benefits notwithstanding other same or similar claims for insurance benefits had been honored and/or paid by these same Defendants.

19. Defendants' conspiracy was done with malice aforethought.

20. As a proximate consequence of the Defendant's conspiracy, the Plaintiff has incurred damages.

21. Said damages include, but are not limited to, the following:

    a   Past and future medical expenses and bills;

    b   Mental anguish and emotional distress;

    c   Worry;

    d   Potential damage to Plaintiff's credit;

    e   Attorney's fees and interest; and

    f   Other out-of-pocket expenses.

WHEREFORE, Plaintiff demands judgment against Defendants in an amount of compensatory and punitive damages to exceed One Hundred Thousand Dollars ($100,000.00) together with interest, attorney's fees and costs of Court.

### CLAIM THREE

22. Plaintiff hereby incorporates paragraphs 1 through 17 as if set out here in full.

23. On or before April 29, 2006, Defendants negligently or wantonly investigated Plaintiff's claim for health, hospital and/or medical insurance benefits.

24. As a proximate consequence of the Defendants' negligent or wanton failure to investigate the Plaintiff's claim for health, hospital and/or medical insurance benefits, the Plaintiff has incurred damages in that medical benefits to which Plaintiff is entitled have been denied.

25. Said damages include, but are not limited to, the following:

    a. Loss of medical insurance benefits to which Plaintiff is entitled;
    b. Pasta and future medical expenses and bills;
    c. Mental anguish and emotional distress;
    d. Worry;
    e. Potential damage to Plaintiff's credit;
    f. Attorney's fees and interest; and
    g. Other out-of-pocket expenses.

WHEREFORE, Plaintiffs demands judgment against Defendants in an amount of compensatory and punitive damages to exceed One Hundred Thousand Dollars ($100,000.00), together with interest, and attorney's fees and costs of Court.

### CLAIM FOUR

26. Plaintiff hereby incorporates Paragraphs 1 through 21 as if set out here in full.

27. Defendants have denied benefits due Plaintiff under the policy referenced hereinbefore in bad faith, without a reasonable or justifiable basis for refusal of said benefits due Plaintiff

under the said policy. Furthermore, Defendants have, in bad faith, failed or refused to conduct a proper and adequate investigation in order to ascertain whether benefits are due Plaintiff under said policy.

28. As a proximate consequence of Defendants' bad faith refusal to pay benefits due, the Plaintiff has been damaged as follows:

   a. Past and future medical expenses and bills;
   b. Mental anguish and emotional distress;
   c. Worry;
   d. Potential damage to Plaintiff's credit;
   e. Attorney's fees and interest; and
   f. Other out-of-pocket expenses.

WHEREFORE, Plaintiff demands judgment against Defendants in an amount of compensatory and punitive damages, including incidental and consequential damages to exceed Two Hundred Fifty Thousand Dollars ($250,000.00), together with interest, attorney's fees and costs of Court.

THE POWELL LAW FIRM, P.C.

By: _____Riley Powell_____
A. Riley Powell, IV (POW029)
Post Office Drawer 969
Andalusia, Alabama 36420
334/222-4103
Attorney for Plaintiff

*NOTE: Plaintiff's Demand Trial of All Issues By Struck Jury.

_____Riley Powell_____