IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOHN SELF, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) CIV. ACT. NO. 2:06cv935-ID |
| v. | ) |
| | ) |
| H.B. PAULK WHOLESALE GROCERS, | ) |
| INC., et al., | ) |
| | ) |
|     Defendants. | ) |

**ORDER**

Before the court are two motions to strike, filed on October 16, 2006, by Defendants H.B. Paulk Wholesale Grocers, Inc., APEX Benefits Services, Jeff Gwynne and Gary Adamson. (Doc. Nos. 3-4.) Arguing that the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001-1461, preempts the state law claims in Plaintiff John Self's complaint, Defendants move to strike Plaintiff's jury demand and prayers for compensatory and punitive damages. In an order entered on October 17, 2006, the court permitted Plaintiff to "show cause" on or before October 31, why said motions should not be granted. (Doc. No. 5.) This order produced no response from Plaintiff. As set out below, the court finds that Plaintiff's state law claims are displaced by ERISA's complete preemption doctrine. Because the court will provide Plaintiff an opportunity to amend his complaint to allege an ERISA claim, the court finds that Defendants' motions to strike are due to be denied as moot.

Plaintiff filed the instant complaint in the Circuit Court of Covington County, Alabama, against Defendants.  Therein, Plaintiff alleges that he received health insurance as a benefit of his employment with H.B. Paulk Wholesale Grocers, Inc.  Plaintiff, however, avers that he was wrongfully denied coverage for certain medical claims resulting from an injury he sustained on April 29, 2006.  These facts form the basis of the four state-law causes of action contained in Plaintiff's complaint.  Namely, Plaintiff alleges breach of the insurance contract, conspiracy to deny Plaintiff's claims for insurance benefits, negligent or wanton investigation of Plaintiff's claim for insurance benefits, and bad faith.  As relief, Plaintiff requests compensatory and punitive damages, interest, attorneys' fees and costs.

Subsequently, Defendants removed this action from state court pursuant to 28 U.S.C. § 1441, asserting that Plaintiff's complaint is completely preempted by ERISA.  Defendants now jointly move to strike the jury demand and a portion of the prayer for relief on the basis of ERISA complete preemption.

Having carefully considered the arguments of defense counsel, the allegations in the complaint and the relevant law, the court finds that Defendants properly removed Plaintiff's case to federal court pursuant to 28 U.S.C. § 1441 and ERISA.  The court finds that, pursuant to the test reiterated in <u>Jones v. LMR International, Inc.</u>, all of the state law claims in Plaintiff's complaint are completely preempted by ERISA.  <u>See</u> 457 F.3d 1174, 1178 (11th Cir. 2006).  The state law claims, therefore, "are recharacterized as ERISA claims and arise under federal law."  <u>Id.</u>

Having recast Plaintiff's state law claims as ERISA claims, the court need not reach the merits of Defendants' motions to strike. Rather, the court finds that Plaintiff should be given an opportunity to amend his complaint to properly state a claim(s) under ERISA. <u>Whitt v. Sherman Int'l Corp.</u>, 147 F.3d 1325, 1328 (11th Cir. 1998) (following removal on the basis of complete preemption and dismissal of state-law claims, district court permitted plaintiff to amend complaint to assert causes of action under ERISA).

Accordingly, it is CONSIDERED and ORDERED as follows:

(1) Defendants' motions to strike be and the same are hereby DENIED as moot; and

(2) Plaintiff is hereby GRANTED leave to and including November 30, 2006, to amend his complaint, if desired, to allege a claim(s) under ERISA. If Plaintiff elects not to file an amended complaint by said date, the court shall dismiss this action.

DONE this 16th day of November, 2006.

/s/ Ira DeMent
SENIOR UNITED STATES DISTRICT JUDGE